UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON NOLLNER and BEVERLY NOLLNER, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:14-cv-1065 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| SOUTHERN BAPTIST CONVENTION, ) | |
| INC.; THE INTERNATIONAL MISSION ) | |
| BOARD OF THE SOUTHERN BAPTIST ) | |
| CONVENTION, INC.; and GLOBAL ) | |
| ENTERPRISE SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the court is a Motion to Dismiss the Amended Complaint and a Motion for Sanctions (Docket No. 32) filed by the defendants, the International Mission Board of the Southern Baptist Convention, Inc. ("IMB") and Global Enterprise Services, LLC ("GES") (together, the "defendants"). The plaintiffs failed to file a timely response to the defendants' motion. Shortly after the plaintiffs' procedural deadline to respond expired, the defendants filed a Motion to Ascertain Status of their pending motion. (Docket No. 35.) In response, the plaintiffs filed a Motion for Leave to File a Response in opposition to the pending motion for dismissal and sanctions. (Docket No. 36.) For the reasons discussed herein, the defendants' Motion to Dismiss and Motion for Sanctions will be granted, the plaintiffs' Motion for Leave to File a Response will be denied, and the plaintiffs' claims will be dismissed with prejudice.

**I.  Background**

On July 30, 2014, this court granted a motion to dismiss filed by the defendants. *Nollner v. Southern Baptist Convention, Inc., et al.*, No. 14-1065, 2014 WL 3749522 (M.D. Tenn. July

1

30, 2014). In a Memorandum accompanying the Order, the court dismissed the plaintiffs' claims without prejudice and permitted the plaintiffs leave to file an amended pleading within 15 days of the court's order. *Id.*

In its July 30, 2014 opinion, the court expressly informed the plaintiffs that their pleadings were defective and, short of drawing a roadmap, gave the plaintiffs very explicit suggestions as to how to remedy the pleading's deficiencies. Specifically, the court concluded that "the choice of law provision included in the plaintiffs' employment agreement with IMB is valid and enforceable" and, therefore, the plaintiffs' common law claims would only be viable if postured as claims under Virginia law. *Id.* at *6. The court also hinted to plaintiffs' counsel that the simple re-pleading of the plaintiffs' claims was long overdue. The court's order states that, "despite being aware of the defendants' position as to the choice of law provision for nearly three years (and throughout two lawsuits), the plaintiffs have failed to amend their pleadings to include Virginia law claims (even in addition to their Tennessee law claims)." *Id.* at *9. Nevertheless, in the interest of having the plaintiffs' claims decided on the merits, the court permitted the plaintiffs' counsel an additional opportunity to amend the pleading to add Virginia common law claims.

On August 14, 2014, the plaintiffs filed an Amended Complaint. (Docket No. 30.) The facts of the Amended Complaint appear to be nearly identical to the facts described by the court in its July 30, 2014 opinion, familiarity with which is assumed.[1] More importantly, the Amended Complaint asserts four causes of action: (1) common law retaliatory discharge under Tennessee law; (2) in the alternative or in addition to their common law claim, retaliatory

---

[1] The court's July 30, 2014 Memorandum provides a detailed account of the facts underlying the plaintiffs' claims. 2014 WL 3749522 (M.D. Tenn. July 30, 2014). Because the court will not reach the merits of the defendants' Rule 12(b)(6) motion, the court will not recount the facts in detail here.

discharge from employment in violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA"); (3) breach of contract under Tennessee common law or, alternatively, a statutory cause of action pursuant to Virginia's Uniform Computer Information Transactions Act ("UCITA"), VA Code Ann. § 59.1-507.1; and (4) promissory estoppel under Tennessee law.

The defendants moved to dismiss the Amended Complaint on August 29, 2014 pursuant to Federal Rule of Civil Procedure 12(b)(6) because (1) the plaintiffs failed to plead Virginia law as to their common law retaliatory discharge and promissory estoppel claims; (2) the plaintiffs' alternative Virginia law claim for breach of contract is not viable, as the statutory violation pled by the plaintiffs expressly does not apply to employment contracts; and (3) the plaintiffs should not be permitted to join SBC as a defendant. The defendants have also moved for sanctions against plaintiffs' counsel pursuant to 28 U.S.C. § 1927 on the grounds that plaintiffs' counsel has multiplied the proceedings unreasonably by filing an Amended Complaint that fails to correct fatal flaws previously and generously identified by the court.

Local Rule 7.01 permitted the plaintiffs to file a response to the Rule 12 motion (or otherwise ask for an extension of time) by September 15, 2014. The plaintiffs failed to do so and, on September 16, 2014, the defendants filed a Motion to Ascertain Status, asking the court to consider its pending motion unopposed and to dismiss the plaintiffs' claims with prejudice. (Docket No. 35.)

Apparently, although the defendants' Motion to Dismiss the Amended Complaint escaped the plaintiffs' counsel's attention, the defendants' Motion to Ascertain Status did not. The same day that the defendants filed their status motion, the plaintiffs' counsel quickly filed a Motion for Leave to Respond to the pending motion to dismiss. (Docket No. 36.) Without giving any explanation for their delay in responding to the Rule 12 motion, the plaintiffs' Motion

for Leave argues that, because the "Defendants present information that is outside the pleadings in this matter," the court should convert the pending Rule 12 motion into a "request for summary judgment" pursuant to Rule 12(d). Accordingly, the plaintiffs contend, they should be permitted 21 days to respond to the defendants' Rule 12 motion, in accordance with Federal Rule of Civil Procedure 56. In conjunction with their Motion for Leave, the plaintiffs also filed a proposed Response in opposition to the Motion to Dismiss. (Docket No. 37.)

The defendants vigorously oppose the plaintiffs' request for leave. They contend that plaintiffs are not entitled to leave because (1) the only basis for failing to file a timely response to the Motion to Dismiss is the plaintiffs' assertion that the court should convert the motion to dismiss into a motion for summary judgment; and (2) conversion is inappropriate here because the only documents referenced by the defendants in their pending motion are also attached to or referenced in the Amended Complaint.

## ANALYSIS

### I. The Defendants' Motion to Dismiss

As an initial matter, the plaintiffs' counsel have provided no excuse for failing to respond to the defendants' Motion to Dismiss within the timeframe set forth by Local Rule 7.01. Moreover, their request that the court convert the defendants' Rule 12 motion into a Rule 56 motion is unfounded. The defendants' motion relies only upon documents that are either attached to or referenced in the plaintiffs' Amended Complaint—the same documents that the court already ruled were properly considered at the Rule 12 stage *in this action*. 2014 WL 3749522, at *9 n.2. As the court previously stated, conversion under Rule 12(d) is only appropriate where "matters *outside* the pleadings are presented" to the court. No such matters are present here.

4

Accordingly, the court will deny the plaintiffs' Motion for Leave and considers the defendants' Motion to Dismiss to be unopposed. Consequently, the court will grant the defendants' unopposed Rule 12(b) motion and dismiss the plaintiffs' claims with prejudice.[2]

## II.  **Motion for Sanctions**

The defendants have also moved for sanctions against the plaintiffs' counsel pursuant to 28 U.S.C. § 1927. Specifically, the defendants contend that the plaintiffs' counsel has generated excess costs for the defendants because they filed an Amended Complaint that cured none of the defects identified by the court in its July 30, 2014 opinion.

### A. Standard

42 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd.*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). The purpose is to

---

[2] Although the court need not reach the merits of the defendants' arguments for dismissal, the court notes that the Amended Complaint appears to ignore the clear suggestions offered by the court in its July 30, 2014 opinion. In particular, despite the court's express admonition to replead the common law claims under Virginia law (at a minimum, in the alternative), the plaintiffs' Amended Complaint does not reflect a meaningful effort to identify relevant Virginia law. The only reference to Virginia law in the Amended Complaint is a purported cause of action under an obscure Virginia statute that governs computer information transactions. The subject matter of that statute has nothing to do with this case. Moreover, employment contracts are expressly excluded from the scope of the statute by its terms. *See* VA Code Ann. § 59.1-501.3(d)(5). Plaintiffs' counsel's failure to heed the court's instructions is inexplicable, particularly given the court's strong intimations that the Nollners' claims may have been viable if pled under Virginia law.

5

deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy. *Red Carpet*, 465 F.3d at 646 (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230-31 (6th Cir. 1986)). A sanctioned attorney is required to satisfy the excess costs attributable to his misconduct. *Red Carpet*, 465 F.3d at 646 (citing *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987)).

Unlike sanctions imposed under a court's inherent authority, Section 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence. *Red Carpet*, 465 F.3d at 646. Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings. *Id.* "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1987) (quoting *In re Ruben*, 825 F.2d at 984).

Sanctions imposed under Section 1927 are designed to punish and deter unwarranted conduct by attorneys, not to make aggrieved parties whole. *See Red Carpet*, 465 F.3d at 647. Nevertheless, the Sixth Circuit has found that awarding the prevailing party all of its reasonable attorney's fees under Section 1927 can be justifiable, such as where a plaintiff's attorney brings and continues to prosecute claims that were "utterly frivolous." *See Stalley ex rel. U.S. v. Mountain States Health Alliance*, 644 F.3d 349, 351-52 (6th Cir. 2011); *see also Ridder*, 109 F.3d at 288 (upholding award of attorney's fees and expenses against plaintiff's counsel under Section 1927, where plaintiff's counsel engaged in "persistent assertion of meritless claims").

**B. Application**

The defendants assert that the plaintiffs' attorneys have "basically thumb[ed] their noses at the court's grace by filing another Amended Complaint that repeats the deficiencies of prior versions." Accordingly, they submit, the plaintiffs' counsel should "share responsibility for excess cost, expenses, and attorneys' fees incurred because of their conduct." Although the defendants do not specify the amount of sanctions that they seek or the relevant period of the proceedings from which they seek attorney's fees, they appear to assert that the plaintiffs' counsel's conduct became sanctionable at the time that the plaintiffs filed their Amended Complaint.

The court does not agree with the defendants that the filing of the Amended Complaint constitutes the "very definition of vexatious litigation." The Amended Complaint is manifestly deficient and, as discussed herein, reflects (at least) a lack of attentiveness by plaintiffs' counsel. Notwithstanding its substantive defects, the Amended Complaint was filed with the court's permission; accordingly, the court cannot conclude that counsel needlessly multiplied proceedings by filing it. Therefore, the court will not award sanctions to the defendants for fees related to the defendants' Motion to Dismiss the Amended Complaint.

However, the court concludes that the plaintiffs' next filing—its untimely and unfounded Motion for Leave to File a Response to the Motion to Dismiss (Docket No. 36)—was both frivolous and dilatory. After plaintiffs' counsel missed a deadline (an error that plaintiffs' counsel does not defend), they filed a patently unsubstantiated request to convert the Rule 12 motion into a Rule 56 motion. The filing of that motion intentionally and needlessly caused additional expense to the defendants. Accordingly, the court concludes that Section 1927 sanctions in the form of reasonable attorney's fees are appropriate with respect to the defendant's Response to the plaintiffs' Motion for Leave.

7

As a final note, the court recognizes that, in the interest of having the plaintiffs' claims in this lengthy litigation decided on the merits, it gave great leniency to the plaintiffs as to their pleadings. Unfortunately for the plaintiffs, that leniency did not bear fruit for their claims.

## CONCLUSION

For these reasons, the plaintiffs' Motion for Leave to File a Response (Docket No. 36) is **DENIED** and the defendants' Motion to Dismiss the Amended Complaint and Motion for Sanctions (Docket No. 32) is **GRANTED**. The plaintiffs' claims are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that the defendants shall submit documentation of the fees they incurred with respect to the preparation of their Response to the plaintiffs' Motion for Leave (Docket No. 38) within 15 days of this Order.

Entry of this Order shall constitute final judgment in this case.

It is so **ORDERED**.

Enter this 19th day of September 2014.

ALETA A. TRAUGER
United States District Judge